NORTHCUTT, Judge.
We affirm the judgment under review. The law of Florida is that in the absence of a provision that is definite and certain as to the term of employment, an employment contract is terminable at the will of either party. See Muller v. Stromberg Carlson Corp., 427 So.2d 266 (Fla. 2d DCA 1983). The letter in which Spalding offered Mr. Tohma employment advised him that his retirement allowance would be based on his years of service as established by the Table of Standard Retirement Allowance set forth in the company’s Rules of Retirement Allowance. Other sections of the latter document, in turn, made reference to the company’s Employment Regulations. Taken together, these documents may well have instilled in Mr. Tohma an expectation that he would be employed until the normal retirement age of 65. But an employee’s mere expectations, however reasonable, are insufficient to create a binding term of employment. Id. Here, none of the documents arguably forming the contract of employment contained a definite and certain provision binding the parties to a specific term of employment.
Affirmed.
BLUE, A.C.J., and QUINCE, PEGGY A., Associate Judge, Concur.